### No. 141

No. 17900—The Mahoning Park Co. v. The Warren Home Development Co. Error to the Court of Appeals of Trumbull County.

MATTHIAS, J.

755. MECHANIC'S LIEN—Statutory lien must follow statute, and cannot be extended by judicial consideration.

Sec. 8310 GC. gives a lien only on interest of owner at time work was commenced or ma-

terial furnished by contractor, and subsequently acquired interests.

Lease providing that certain repairs are to be at lessee's expense, to remain when lease expires, does not make lessee agent of lessor, and latter not liable; and no lien attaches to fee.

1. The character, operation and extent of a statutory lien must be ascertained from the statute creating and defining it. Such statute cannot be amended or extended by judicial construction to meet a situation not provided for nor contemplated thereby. The remedy is legislative.

2. The provisions of Section 8310, General Code, authorize a lien in favor of one who does work or furnishes material for the erection of or repair of a structure by virtue of a contract expressed or implied with the owner, part owner or lessee thereof, or the authorized agent of either; but such lien is only upon the right, title and interest of such owner, part owner or lessee at the time the work was commenced or the furnishing of material was begun by the contractor under the original contract, and also to the extent of any subsequently acquired interest of any such owner, part owner or lessee.

3. Where, under the provisions of a lease for a term of years at a stipulated rental, certain repairs and improvements are to be made upon a building at the lessee's expense, which are to remain at the termination of the lease, the lessee is not thereby constituted the agent of the lessor, and the latter is not rendered liable by a contract entered into by the former in his own name for labor and materials to make such improvements; nor can the reversion in fee of the lessor be subjected to a lien for labor and materials furnished to the lessee pursuant to such contract.

4. The provisions of Section 8312, General Code, wherein certain statements are required to be furnished by an original contractor to an owner, part owner, or lessee, are mandatory; compliance therewith is a condition precedent to the perfection of the lien, and unless complied with the contractor has no right of action or lien against the owner, part owner or lessee.

5. An attorney at law, employed by such owner, part owner or lessee only in an action pending in court, is engaged in a special employment and is not, by reason thereof, an agent upon whom service of notice required by Section 8315, General Code, may be made.

Judgment reversed.

Marshall, C. J., Robinson, Jones and Day, JJ., concur.